UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAISY CARDONA,
                        Plaintiff,

-v-

ANDREW SAUL,
  Commissioner of Social Security,[1]
                        Defendant.

18-CV-6198 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Daisy Cardona seeks review of the Commissioner of Social Security's decision to deny her application for Social Security benefits. The parties have filed cross-motions for judgment on the pleadings. For the reasons that follow, the Commissioner's motion is granted, and Cardona's motion is denied.

**I.    Background**

    The following facts are drawn from the certified administrative record. (Dkt. No. 12 ("R").)

    Plaintiff Daisy Cardona is a fifty-seven-year-old woman. (R. 45.) She completed the seventh grade, and she can speak and write English. (R. 270, 272.) She previously worked as a beautician and a park ranger. (R. 272.) She has ceased work because of her various medical conditions. (R. 271–72.) In 2014, Cardona reported $9,664 in income. (R. 259.) She reported no income in 2015 or 2016. (*Id.*)

---

[1] Andrew Saul, who became the Commissioner of Social Security on June 17, 2019, is automatically substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

Cardona's application for benefits reports five medical conditions that limit her ability to work: depression, anxiety, insomnia, arthritis of the spine, and pain in her right leg. (R. 271.) For those conditions, she takes Ambien, Clonazepam, Dulosetine, Ibuprofen, and Risperidone. (R. 273.) She has also reported asthma, osteoarthritis, hypermobility syndrome, trochanteric bursitis, carpal tunnel syndrome, and cervicalgia. (R. 17.)

Cardona filed an application for supplemental security income on July 31, 2014, alleging disability beginning April 30, 2010. (R. 15.) A hearing was held before an administrative law judge, or ALJ, on February 14, 2017, at which Cardona and a vocational expert both testified. (*Id.*) In a written opinion, the ALJ concluded that Cardona was not disabled under section 1614(a)(3)(A) of the Social Security Act. (*Id.*) The ALJ found that although Cardona suffered from several severe impairments, she had the residual functional capacity to perform other work existing in significant numbers in the national economy. (R. 17–25.) Accordingly, Cardona's claim for benefits was denied. (R. 25.)

On July 9, 2019, Cardona appealed the ALJ's decision to this Court. (Dkt. No. 1.) Both Cardona and the Commissioner have filed motions for judgment on the pleadings. (Dkt. Nos. 13, 17.)

## II. Legal Standard

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). A court may not substitute its judgment for the Commissioner's "even if it might justifiably have

2

reached a different result upon a *de novo* review." *DeJesus v. Astrue*, 762 F. Supp. 2d 673, 683 (S.D.N.Y. 2011) (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991)). Under this "very deferential" substantial-evidence standard, this Court may reject the ALJ's view of the facts "only if a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (emphasis omitted) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994)).

To establish disability under the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The disability at issue must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Social Security Administration employs a five-step procedure to analyze disability claims. The Commissioner considers whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a "severe impairment" as defined in Social Security Administration's regulations; (3) the claimant has an impairment listed in Appendix I of the regulations; (4) the claimant has a residual functional capacity, or RFC, to perform her past work; and (5) there is other work the claimant could perform. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (Sotomayor, J.); *see also* 20 C.F.R. §§ 404.1520, 416.920 (same). The claimant bears the burden of proof at the first four steps; the Commissioner bears the burden at the final step. *Rosa*, 168 F.3d at 77. But "[t]he Commissioner's burden at step five is" only "to show the

existence of possible employment for an individual with the RFC *determined by the ALJ* in the fourth step of the sequential analysis." *Smith v. Berryhill*, 740 F. App'x 721, 726–27 (2d Cir. 2018).

**III.  Discussion**

Cardona challenges the ALJ's decision on four grounds, none of which has merit.

Cardona first attacks the ALJ's conclusion, at step two of the analysis, that her severe impairments did not include disc herniation. (Dkt. No. 14 at 22–23.) As support, Cardona cites a 2017 MRI of her spine that indicated a herniation at the C6/7 right paracentral disc. (R. 680–81.) Cardona also cites testimony that she previously suffered from neck pain and stiffness radiating up to her head. (Dkt. No. 14 at 23.)

Cardona mischaracterizes the ALJ's decision. As indicated by the administrative record, the ALJ specifically concluded that Cardona's "disc degenerative disease" was a severe impairment. (R. 17.) As understood by the ALJ, that condition included Cardona's "right paracentral disc herniation at C6/7." (R. 21.) Thus, this challenge to the ALJ's analysis must fail.[2]

Cardona's next challenges the ALJ's conclusion, at step four of the analysis, that Cardona had the residual functional capacity to perform medium work. (Dkt. No. 14 at 13–18, 23–25.) Cardona argues that, in reaching this determination, the ALJ "failed to consider" the medical findings of both Dr. Mohammad Shuja and Angela Robinson, a nurse practitioner. (Dkt. No. 14

---

[2] Even if the ALJ did not find Cardona's disc herniation to be a severe impairment, any error would be harmless because the ALJ considered evidence of Cardona's disc herniation at all subsequent stages of the analysis. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (holding that a misidentification of a severe impairment was harmless error because the ALJ "proceeded with the subsequent steps" and the impairments "were considered during the subsequent steps").

at 13–18, 24–25.) Cardona also argues that the ALJ "failed to consider" the side effects of Cardona's medication: "dizziness and fatigue." (Dkt. No. 14 at 23–24.)

Again, Cardona mischaracterizes the ALJ's decision. First, the administrative record clearly indicates that the ALJ considered the findings of Robinson. The ALJ considered — and chose to give "[l]ittle weight" to — Robinson's report because Robinson's finding that Cardona was unable to work for at least a year was "internally inconsistent with [Robinson's] own mental status exam of [Cardona]." (R. 23.) This conclusion survives the Court's deferential review.

As for the side effects of Cardona's medication, it is true that Social Security regulations require the ALJ to consider the "side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [her] pain or other symptoms." 20 C.F.R. § 404.1529(c)(3)(iv). But those regulations also caution that statements about "pain or other symptoms," including side effects, must be supported by "objective medical evidence from an acceptable medical source." *Id.* § 404.1529(a). Here, although the ALJ "did not explicitly address the side effects of [the claimant's] medications, there is ample evidence in the opinion and the record to 'glean the rationale of the ALJ's decision'" — namely, that Cardona's assertions about dizziness and fatigue found little support in the medical evidence. *Colbert v. Comm'r of Soc. Sec.*, 313 F. Supp. 3d 562, 580 (S.D.N.Y. 2018) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (per curiam)). The ALJ made specific findings about Cardona's "mental impairments" and concluded that Cardona exhibited a "largely normal mental state" and had "normal cognition." (R. 22–23.) The ALJ also noted "numerous statements that contradicted or undermined [Cardona's] statements about the side effects of her medication." *Colbert*, 313 F. Supp. 3d at 580. Thus, there was sufficient evidence for the ALJ to conclude that Cardona's assertions concerning the side effects of her medication were not credible.

5

As for Dr. Shuja's medical findings, Cardona is correct that the ALJ's decision does not discuss his opinion. But to the extent that this omission was an error, it was harmless. Again, sufficient evidence in the opinion and record permits this Court to "glean the rationale of the ALJ's decision." *Mongeur*, 722 F.2d at 1040; *see Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982) (per curiam) ("[T]he absence of an express rationale does not prevent [a reviewing court] from upholding the ALJ's determination [if] portions of the ALJ's decision and the evidence before him indicate that his conclusion was supported by substantial evidence."). Here, the ALJ gave "significant weight" to the findings of Dr. Barbara Akresh, who "found only mild limitations on [Cardona's] ability to lift and carry heavy objects." (R. 22.) And the ALJ discounted the findings of other examiners, like Bibiana Blanco, because those opinions were "inconsistent with the record." (R. 23.) Thus, substantial evidence supports the ALJ's determination that Cardona could perform "medium work." 20 C.F.R. § 416.967(c).

Cardona's third argument is that the ALJ misapplied, at step five of the analysis, the Medical Vocational Guidelines, which provide that a finding of disability is warranted for individuals between fifty and fifty-four who are illiterate, whose previous work is unskilled or none, and who are limited to light or sedentary work. (Dkt. No. 14 at 21.) Cardona, who was fifty-one at the time of her application, argues that she is both illiterate and limited to light or sedentary work. (Dkt. No. 14 at 21–22.) But, as established above, substantial evidence supports the ALJ's conclusion that Cardona could perform medium work, not just light or sedentary work. And Cardona herself averred in her benefits application that she could "read [at] a fifth grade reading level" (R. 289), which constitutes substantial evidence for the ALJ's

6

conclusion that Cardona could read at the third-grade level (*see* R. 20).[3] This challenge, too, fails.

Cardona's final argument is that the ALJ should have found Cardona disabled, at step five of the analysis, based on the testimony of the vocational expert. (Dkt. No. 14 at 18–19.) At the hearing, the vocational expert testified that the "generally accepted rate of time off tasks is 10% or 12% of the workday" and that the generally accepted number of unscheduled absences was no more than one day a month. (R. 104–05.) Accordingly, Cardona points to the medical opinion of Dr. Lieber-Diaz, who concluded that Cardona was "moderately limited" in her ability to concentrate and perform activities on schedule. Cardona also notes that she often missed doctor's appointments. (Dkt. No. 14 at 21.) This evidence, Cardona contends, makes it "reasonable to expect [that she would] miss more than one day a month and/or be off task more than 12% of the time." (Dkt. No. 14 at 22.) But under the "substantial evidence" standard, this Court may reverse the ALJ's factual findings "only if a reasonable factfinder would have to conclude otherwise." *Brault*, 683 F.3d at 448 (emphasis omitted) (quoting *Warren*, 29 F.3d at 1290). That is not the case here. Thus, this Court will not substitute its own judgment for the ALJ's, "even if it might justifiably have reached a different result upon a *de novo* review." *DeJesus*, 762 F. Supp. 2d at 683.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is DENIED. Defendant's cross-motion for judgment on the pleadings is GRANTED.

---

[3] The ALJ concluded that Cardona could perform work "that requires no greater than language level I reading proficiency" (R. 20), which indicates a reading level "up to third grade" (R. 99).

The Clerk of Court is directed to close the motions at Docket Numbers 13 and 17 and to close this case.

SO ORDERED.

Dated: October 21, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge